UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **SEAN BRIAN JONES AND** § | | |
| **AND MONA LISA JONES** § | | |
| *Plaintiffs* § | | |
| § | | |
| VS. § | | C.A. NO. 5:24-cv-67 |
| § | | **(JURY)** |
| **ROBERT PEREZ AND** § | | |
| **ROOT INSURANCE COMPANY** § | | |
| *Defendants* § | | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, **ROOT INSURANCE COMPANY** ("Root"), files this Notice of Removal of the present case from the 45th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division.  In connection with this Notice of Removal, Root would respectfully show the Court as follows:

## I.
## PROCEDURAL BACKGROUND

1. This lawsuit began on or about November 17, 2021, when Plaintiffs, *Sean Brian Jones and Mona Lisa Jones*, filed their Original Petition in Cause No. 2021-CI-09739 in the 45th Judicial District Court of Bexar County, Texas, styled *Sean Brian Jones and Mona Lisa Jones v. Robert Perez*.  The suit arises from an automobile accident that occurred on or about December 16, 2019 in Bexar County, Texas.

2. Defendant Robert Perez was never served with the lawsuit and did not enter an appearance. *See* **Exhibit A**. Nonetheless, Plaintiffs settled their claims against Defendant Perez. *See* **Exhibit B, ¶ 7.4**.

3. On December 6, 2023, Plaintiffs filed their First Amended Petition joining Root as a Defendant. Plaintiffs asserted a Declaratory Judgment Action against Root for UIM benefits under Plaintiffs' automobile insurance policy with Root. See **Exhibit B, § 7.** In their First Amended Petition, Plaintiffs sought monetary relief between "$200,000 but not over $1,000,000." Root was served with Plaintiffs' First Amended Petition on December 14, 2023 and filed its Original Answer and Jury Demand on January 8, 2024. See **Exhibit C and Exhibit D**.

4. On January 11, 2024, Plaintiffs filed their Second Amended Petition wherein Plaintiffs amended the monetary relief sought to the following: "[p]laintiffs seek monetary relief in no event greater than $75,000.00, exclusive of recoverable court costs and attorney's fees." See **Exhibit E**.

## II.
## GROUNDS FOR REMOVAL

**A.   Complete Diversity of Citizenship Exists Between the Parties.**

5. Removal is proper because there is complete diversity of citizenship between the parties, and the alleged amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

6. Plaintiffs are residents and citizens of Texas. As indicated above, Plaintiffs settled their claims against Defendant Perez.

7. Root was and is incorporated in, and a resident of, the State of Ohio. Accordingly, Defendant Root is not a citizen of Texas.

**B.   Amount in Controversy Exceeds $75,000**

8. The party seeking federal jurisdiction must probe by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit –

2

that support a finding The amount in controversy in this lawsuit exceeds the sum or value of $75,000.00, exclusive of interest and costs, as required under section 1332(a).

9. As shown above, it is not "facially apparent" from Plaintiffs' Second Amended Petition that the amount in controversy exceeded $75,000. Plaintiffs specifically stated that they seek "monetary relief in no event greater than $75,000.00, exclusive of recoverable court costs and attorney's fees." This language does not serve as a binding stipulation. The language of a pleading can serve as a binding stipulation only when the plaintiff indicates that a plaintiff will neither seek nor accept an award in excess of the jurisdictional amount. *See Mokhtari v. Geoversa Specialty Ins. Co.*, No. H-14-3676, 2015 WL 2089772, at *2 (S.D. Tex. May 4, 2015); *Williams v. Companion Prop. & Cas. Ins. Co.*, No H-13-733, 2013 WL 2338227, at *2 (S.D. Tex. May 27, 2013)(citing *De Aguilar v. Boeing*, 47 F.3d 1404, 1411-12 (5th Cir. 1995)); *Espinola-E v. Coahoma Chemical Co.*, 248 F.3d 1138 (5th Circ. 2001) (per curium)(unpublished) ("[A] binding stipulation that plaintiff *will not* accept damages in excess of the jurisdictional amount defeats diversity jurisdiction…") (emphasis added).

10. Further, the monetary relief sought by Plaintiffs is exclusive of attorney's fees. Here, Plaintiffs seek recovery of attorney's fees, which this Court has held are calculated in the amount of controversy for diversity jurisdiction. *Procare Auto., LLC v. MidAmerican Energy Services, LLC*, No. SA-21-CV-00896-XR, 2021 WL 5822832, at *3 (W.D. Tex. Dec. 7, 2021)(citing *Foret v. S. Farm Bureau Life Ins. Co*., 918 F.2d 534, 537 (5th Cir. 1990)). As shown below the amount in controversy exceeds $75,000.00.

11. Plaintiffs submitted separate demands to Root on November 21, 2023. The demand for Sean Jones disclosed $19,773.55 in past medical expenses and estimated future medical expenses of $177,577.00. *See* **Exhibit F**. The demand for Mona Lisa Jones disclosed $18,911.54 in past

medical expenses and estimated future medical expenses of $177,577.00. *See* **Exhibit G**. The demands sought the full policy limits of $100,000.00 for each Plaintiff.

12. In addition to the past and future medical expenses, Plaintiffs are also seeking the recovery of the following noneconomic damages: physical pain in the past and future; mental anguish in the past and future; physical impairment in the past and future, disfigurement in the past and future, and lost wages and future loss of earning capacity. Based on Plaintiffs' damage model, the amount of controversy exceeds $75,000.00.

**C.   Venue is Proper in This Division and in This District.**

13. Plaintiffs filed this action in Bexar County, Texas. The San Antonio Division of the Western District of Texas encompasses Bexar County, Texas. Thus, this district and division embrace the place where the state court action is pending. *See id*. § 1441(a).

### III.
### PROCEDURAL REQUIREMENTS FOR REMOVAL

14. Root was served on December 14, 2023. This Notice of Removal is being filed on January 16, 2024.[1] Accordingly, this Notice of Removal is timely filed within 30 days of when Root received Plaintiffs' Original Petition and within one year of Root's joinder to the lawsuit. *See id.* § 1446(b).

15. A copy of this Notice of Removal will be filed with the Bexar County District Clerk's office and served on Plaintiffs promptly. *See id.* § 1446(d);

16. As required under 28 U.S.C. §1446(a), the following documents are attached to this Notice of Removal: [2]

---

[1] Root's deadline to remove fell on Saturday, January 13, 2024. January 15, 2024, was Martin Luther King Day, a federal holiday.
[2] The state court judge did not sign any orders in this case.

- **Exhibit A:**   State Court Docket Sheet
- **Exhibit B**:   Plaintiffs' First Amended Petition
- **Exhibit C**:   Proof of Service on Root
- **Exhibit D**:   Defendant's Original Answer
- **Exhibit E:**   Plaintiffs' Second Amended Petition
- **Exhibit F:**   Plaintiff Sean Jones' UIM demand Plaintiffs'
- **Exhibit G:**   Plaintiff Mona Lisa Jones' UIM demand
- **Exhibit H:**   Civil Cover Sheet (JS 44)
- **Exhibit I:**   Supplement to JS 44

17. The filing of this notice, along with the filing of the notice in the state court and service of the notice upon Plaintiffs' counsel, serves immediately to confer exclusive jurisdiction of this cause upon this Court, and divests the state court of all jurisdiction over these proceedings and claims.

18. In the event this Court subsequently identifies a defect in this Notice of Removal, Defendant respectfully requests this Court to grant it leave to amend this Notice and cure the defect. *See, e.g., Sutton v. Advanced Aquaculture Sys., Inc.*, No. 07-CV-175-XR, 2007 WL 1032339, at *1 (W.D. Tex. April 3, 2007) (explaining "Defendants may still amend their notice of removal after the expiration of the original 30-day time limit for removal."); *Lafayette City-Parish Consol. Government v. Chain Elec. Co.*, No. 11–1247, 2011 WL 4499589, *7 (W.D. La. Sept. 23, 2011)(explaining "defendants may freely amend the notice of removal required by section 1446(b).").

19. By filing this Notice of Removal, Defendant does not waive any legal defenses, but expressly reserves its right to raise any and all legal defenses in subsequent pleadings in this Court.

5

This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required under 28 U.S.C. §1446(a).

## IV.
## CONCLUSION

WHEREFORE, Defendant ROOT INSURANCE COMPANY, represents that it has complied with the removal statutes set forth above, and thus, this case stands removed from the District Court of Bexar County, Texas the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted,

**GERMER PLLC**

*/s/ Mark A. Zamora*
**Adrian P. Senyszyn**
  State Bar No. 24060585
  asenyszyn@germer-sa.com
**Mark A. Zamora**
  State Bar No. 24098651
  mzamora@germer-sa.com
Plaza Las Campanas
1826 North Loop 1604 West, Suite 300
San Antonio, Texas 78248
Phone: (210) 640-1650
Fax:    (512) 472-0721

*Attorneys for Defendant*
*Root Insurance Company*

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the above and foregoing has been forwarded to the following attorneys of record in accordance with the Texas Rules of Civil Procedure on this 16th day of January, 2024:

***Via Efile***
Ralph Lopez
DAVIS LAW FIRM
10500 Heritage Blvd., Suite 102
San Antonio, Texas 78216
Phone: (210) 444-4444
Fax: (210) 785-0806
***Attorney for Plaintiff***

                                                          */s/ Mark A. Zamora*
                                                          **Mark A. Zamora**